IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

STEVEN LANG,                              )
                                          )
       Plaintiff,                     )
                                          )
vs.                                       )   Case No. 06 C 1058
                                          )
TCF NATIONAL BANK & JP MORGAN             )
CHASE BANK, N.A.,                         )
                                          )
       Defendants.                    )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Steven Lang has sued TCF National Bank (TCF) and JP Morgan Chase Bank, N.A., formerly known as Washington Mutual Bank FA (Washington Mutual),[1] for alleged violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681n, 1681o, & 1681s-2. All three parties have moved for summary judgment. TCF has also moved for discovery sanctions against Lang. For the reasons set forth below, the Court denies Lang's motions for summary judgment, grants TCF's motion for summary judgment, and grants Washington Mutual's motion for summary judgment. TCF's motion for

---

[1]Lang sued Washington Mutual Bank FA. Subsequently, the FDIC was appointed as its receiver. JP Morgan Chase Bank, N.A. assumed some of Washington Mutual Bank FA's liabilities, including the current lawsuit. On November 18, 2008, the Court entered an order substituting JP Morgan Chase Bank, N.A. for Washington Mutual Bank FA as the real party in interest. This opinion will continue to refer to defendant JP Morgan Chase Bank, N.A. as "Washington Mutual" for convenience, as it was Washington Mutual Bank FA that engaged in the relevant conduct and that is identified in the various exhibits submitted by the parties.

1

discovery sanctions is denied as moot.

**Facts**

On cross-motions for summary judgment, the Court construes facts and draws inferences "in favor of the party against whom the motion under consideration is made." *In re United Air Lines, Inc.*, 453 F.3d 463, 469 (7th Cir. 2006).[2]

On October 14, 2003, Lang opened a checking account at Washington Mutual. Washington Mutual closed Lang's account on November 23, 2004. At the time, Lang's account had a negative or "overdraft" balance of $1,224.97. Washington Mutual retained a collection agency, ER Solutions, to recover the negative balance. In September 2005, ER Solutions entered into a settlement with Lang, pursuant to which Lang paid eighty percent of the outstanding debt. In return, the debt was deemed satisfied, and Lang was excused from paying the remaining balance.

Lang also had two personal accounts at TCF. The first was the '154 account. TCF closed the '154 account for overdraft activity; it had a negative balance of $124. In July 2005, Lang opened a second personal account at TCF, the '806 account. In August 2006, the '806 account had a negative balance of $425.53. TCF did not, however, close the '806 account at that time. Instead, the October 2006 account statement sent to Lang stated "YOUR ACCOUNT BALANCE IS NOW ZERO AND

---

[2]Though Lang, representing himself *pro se*, has not strictly complied Local Rule 56.1 regarding statements of facts in support of his motions and in response to defendants' motions, the Court will consider all appropriate evidence and exhibits submitted by him in each of his pleadings, as all four motions for summary judgment raise similar issues. *See Little v. Cox's Supermarkets*, 71 F.3d 637, 641 (7th Cir. 1995) (noting that district courts have discretion to overlook failure to comply strictly with local rules regarding summary judgment).

YOUR ACCOUNT WILL BE CLOSED AUTOMATICALLY IN 182 DAYS IF THERE IS NO ADDITIONAL ACCOUNT ACTIVITY.  PLEASE MAKE A DEPOSIT OR FUNDS TRANSFER AT ANY TCF BRANCH LOCATION TO AVOID AUTOMATED ACCOUNT CLOSURE."  Washington Mutual Rule 56.1 Statement, Ex. 10 at 4.[3]  Washington Mutual continued to send Lang statements for the '806 account at least as late as January 9, 2007.

ChexSystems, Inc. (Chex) is a consumer reporting agency (CRA) within the meaning of the FCRA.  It maintains files on consumers' check-writing history.  On September 29, 2005, Lang sent Chex a request for reinvestigation of the Washington Mutual account and the TCF '154 account.  In the reinvestigation request, Lang claimed that "[t]he information on your report is inaccurate and should be removed.  I owe no money to any of the institutions listed above.  Please correct your information."  *Id.*, Ex. 8.  Chex sent notices of Lang's request for reinvestigation to TCF and Washington Mutual on September 30, 2005; those notices, however, did not include a copy of Lang's request and did not convey the full substance of the request.  The notice from Chex to Washington Mutual stated only that Lang disputed that Washington Mutual had reported "OVERDRAFTS" to Chex.  *Id.*, Ex. 4.  The notice from Chex to TCF stated only that Lang disputed that TCF had reported "NON-SUFFICIENT FUNDS (NSF) ACTIVITY" to Chex.  TCF Rule 56.1 Statement, Ex. B.  Neither of the notices referenced Lang's specific complaint that he did not owe either bank money.

---

[3]Lang claims that "TCF had closed [the '806] account and did not communicate to the Plaintiff that it was temporary," Lang Resp. to Washington Mutual Rule 56.1 Statement ¶ 5, but he has failed to submit any evidence to support this contention.

On October 2, 2005, Washington Mutual responded to Chex that, based on its investigation, its report regarding overdraft activity was correct. On October 5, 2005, TCF responded to Chex that, based on its investigation, its report regarding non-sufficient funds activity was correct. It is undisputed that Lang had engaged in overdraft activity on his Washington Mutual account and non-sufficient funds activity on his TCF '154 account. Lang has not submitted any evidence of additional requests for reinvestigation to Chex that were passed on to Washington Mutual or TCF. Exhibit B to Lang's cross-motion for summary judgment against Washington Mutual contains a January 31, 2006 request to Chex for reinvestigation that appears to pertain to the Washington Mutual account, in which Lang claims that information is incorrect without providing any further detail. Lang has not submitted any evidence, however, that Chex sent this request for reinvestigation to Washington Mutual or TCF.

In addition to working through Chex, Lang contends he complained to TCF and Washington Mutual directly about the information they provided to Chex. Lang says he brought alleged errors to Washington Mutual's attention but that Washington Mutual "tried to cover it up and continued to report inaccurate information causing damage to the Plaintiff." Lang Mem. in Supp. of Mot. for Summ. J. at 6. The exhibit Lang cites, however, does not support this contention. That exhibit is a letter from ABC Bank Chicago to Lang in which the bank declines to open an account for him. The letter indicates that ABC made its decision based, at least in part, on a report from Chex. Nothing in this letter, however, points to any cover-up or wrongdoing by Washington Mutual. Nor does any other evidence submitted by Lang support his theory of a cover-up or his allegation that Washington Mutual conspired to hide information from the

4

Court. Similar allegations against TCF are also without support in the record. The Court has reviewed all of the exhibits submitted by Lang in support of these claims. The exhibits Lang relies on involve rejections of applications for accounts at various banks and reports prepared by Chex that contained information from Washington Mutual and/or TCF.

Lang claims he has suffered myriad damages as a result of Washington Mutual's and TCF's alleged violations of the FCRA. He seeks compensatory and punitive damages.

## Discussion

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). To determine whether a genuine issue of material fact exists, the Court must view the record in the light most favorable to the nonmoving party and draw reasonable inferences in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). A genuine issue of triable fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "The fact that plaintiff and defendants have filed cross-motions for summary judgment does not change the applicable standard. The Court must consider each motion independently and must deny both motions if there is a genuine issue of material fact." *Egan Marine Corp. v. Great Am. Ins. Co. of N.Y.*, 531 F. Supp. 2d 949,

5

953 (N.D. Ill. 2007) (citations omitted). As required by the Seventh Circuit and this District's local rules, both defendants sent notices to Lang regarding how to respond to a motion for summary judgment because he is representing himself *pro se*.

The FCRA was enacted, in part, to protect consumers by ensuring "fair and accurate credit reporting." 15 U.S.C. § 1681(a)(1). Section 1681s-2 deals specifically with the duties the imposed on "furnishers," i.e., companies (including TCF and Washington Mutual) that furnish information to CRAs (like Chex). *Id.* § 1681s-2. Subparagraph (a) of section 1681s-2 imposes on furnishers a number of requirements and restrictions regarding the accuracy of information, producing certain types information, and correcting erroneous information. *Id.* § 1681s-2(a).

Subparagraph (b) deals with a furnisher's obligations after it receives notice of a dispute regarding "the completeness or accuracy" of information it had provided to a CRA. *Id.* § 1681s-2(b). A direct consumer complaint to a furnisher does not trigger the furnisher's obligations under section 1681s-2(b); rather, those obligations begin when the furnisher receives notice from a CRA that a consumer disputes a reported item. *Id.* §§ 1681i(a)(2), 1681s-2(b). The notice a CRA provides to a furnisher "shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller." *Id.* § 1681i(a)(2)(A). Once a furnisher receives notice from a CRA, it must conduct an investigation, "review all relevant information provided by the consumer reporting agency," report the results to the CRA, and – if information is found to be inaccurate, incomplete, or unverifiable – notify all CRAs the information was provided to and modify, delete, or block the information. *Id.* § 1681s-2(b)(1).

6

A consumer may maintain an action against a furnisher for violations of section 1681s-2(b). *See id.* §§ 1681n, 1681o, 1681s-2(c). No private right of action exists, however, for violations of section 1681s-2(a). *Id.* § 1681s-2(c); *Perry v. First Nat. Bank*, 459 F.3d 816, 822 (7th Cir. 2006); *Rollins v. Peoples Gas Light & Coke Co.*, 379 F. Supp. 2d 964, 967 (N.D. Ill. 2005) ("It is undisputed that there is no private right of action under § 1681s-2(a).") (citations omitted). Instead, various governmental units have authority to enforce furnisher obligations under section 1681s-2(a). 15 U.S.C. § 1681s-2(c). Accordingly, Lang can base his claims against TCF and Washington Mutual only on alleged violations of section 1681s-2(b); any violations of section 1681s-2(a), even if proven, are not actionable in this lawsuit.

**1.     The banks' reinvestigations**

"Whether a defendant's investigation is reasonable is a factual question normally reserved for trial; however, summary judgment is proper if the reasonableness of the defendant's procedures is beyond question." *Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005). As detailed above, it is undisputed that Chex notified TCF only that Lang disputed TCF's report of non-sufficient funds activity. TCF investigated and concluded that Lang had in fact engaged in such activity. Similarly, it is undisputed that Chex notified Washington Mutual only that Lang disputed Washington Mutual's report of overdraft activity. Washington Mutual also investigated and concluded that Lang had in fact engaged in such activity. "Whether an investigation is reasonable hinges substantially on the amount of information regarding the nature of the customer's dispute that a credit reporting agency relays to the

furnisher . . . ." *Whiting v. Harley-Davidson Fin. Servs.*, 534 F. Supp. 2d 823, 832 (N.D. Ill. 2008) (citing *Westra*, 409 F.3d at 827).

Lang repeatedly asserts that the banks ignored the basis for his reinvestigation request, specifically his contention that he did not owe either bank money. The fact that the request for reinvestigation that Lang sent to Chex contained this detail, however, is of no consequence with regard to his claims against the banks. The problem for Lang is that the notices Chex sent to TCF and Washington Mutual did not contain all of the information that Lang provided to Chex. In *Westra*, the plaintiff had provided a CRA with extensive information indicting that he did not owe money on a disputed account and that he had been the victim of identity theft and fraud. *Westra*, 409 F.3d at 826. The CRA, however, only requested that the furnisher investigate the plaintiff's account and failed to provide the furnisher with information concerning the alleged fraud and identity theft or the documentation provided by the plaintiff. *Id.* Based on the scant information provided, the furnisher verified that the account information was accurate and belonged to the complaining consumer according to the furnisher's records. *Id.* at 826-27. The Seventh Circuit found, as a matter of law, that the furnisher had conducted a reasonable investigation, even though a more extensive one might have been warranted if the CRA had provided the furnisher with more detailed information. *Id.* at 827. In this case, Chex did not inform TCF or Washington Mutual that Lang disputed that he owed money on his accounts with the banks. Without that information, TCF and Washington Mutual had no duty to conduct a more extensive investigation. No reasonable jury could find that TCF and Washington Mutual had violated their

8

obligations under the FCRA.

Lang has offered no evidence that TCF or Washington Mutual received from Chex or another CRA notices of dispute pertaining to Lang other than the notices Chex sent them in September 2005. Both banks responded timely and accurately to those notices based on the information provided to them. Even assuming Lang contacted the banks directly – or if, alternatively, Lang contacted Chex again but Chex failed to forward the second complaint to the banks – those actions would not give rise to a claim against the banks under section 1681s-2(b). "Furnishers of information . . . are accountable under § 1681s-2(b) only if they continue to supply inaccurate data to credit reporting agencies after proper notification by the CRA . . . . [O]nly proper notice, including all relevant information received from the consumer, triggers the furnisher's obligation to conduct an investigation . . . ." *Rollins*, 379 F. Supp. 2d at 967.[4] Proper notice, for purposes of section 1681s-2(b), means notice from a CRA to a furnisher, not information sent directly to a furnisher by a consumer. 15 U.S.C. §§ 1681i(a)(2), 1681s-2(b).

**2.    Inaccurate information**

Lang contends in his motions and his responses to defendants' motions that the banks are liable to him under the FCRA because the information TCF and Washington

---

[4]In his briefs, Lang cites two decisions concerning the FCRA. Neither of those decisions, however, has any bearing on Lang's or the defendants' motions for summary judgment. One decision denied a motion to dismiss, finding that section 1681s-2(b) provided consumers with a private right of action. *See Dornhecker v. Ameritech Corp.*, 99 F. Supp. 2d 918, 926 (N.D. Ill. 2000). The other decision also denied a motion to dismiss, holding that individuals are not exempted from liability under section 1681s-2(b). *See Campbell v. Baldwin*, 90 F. Supp. 3d 754, 756 (E.D. Tex. 2000).

Mutual provided to Chex was "inaccurate," presumably in violation of section 1681s-2(a). *See, e.g.*, Lang Mem. in Supp. of Cross-mot. for Summ. J. & in Resp. to Mot. for Summ. J. at 2, 5-6, 9; Lang Mot. for Summ. J. Against TCF at 2-3, 5; Lang Resp. to TCF's Mot. for Summ. J. at 2-3. This was made clear in some of Lang's briefs where, in response to the banks' argument that they can only be liable for a failure to investigate based on the information provided to them by Chex, he quoted subparagraph (a) of Section 1681s-2 concerning TCF's duties.[5] *See* Lang Mem. in Supp. of Mot. for Summ. J. & Resp. to Washington Mutual Mot. for Summ. J. at 9; Lang Resp. to TCF Mot. for Summ. J. at 2-3; Lang Resp. to TCF Reply at 4. But even if TCF or Washington Mutual reported any inaccurate information regarding Lang, that would not support Lang in this litigation. As detailed above, a consumer cannot maintain an action against a furnisher for violation of its duties under section 1681s-2(a). *E.g.*, *Perry*, 459 F.3d at 822. The same is true for Lang's argument that TCF and Washington Mutual failed to correct inaccuracies based on information they received from Lang during the course of this litigation.[6] Even if proven, that fact would constitute a violation of section 1681s-2(a), a provision of the FCRA for which there is no private right of action, not section 1681s-2(b), which requires furnishers to investigate

---

[5]The quotations of subparagraph (a) in some instances are to an older version of section 1681s-2 before it was amended in 2003. The differences in the language between the statute as quoted and as it existed during the relevant time frame to this lawsuit are immaterial.

[6]It is far from clear that Washington Mutual and TCF actually reported any inaccurate information concerning Lang. It is not necessary, however, to make such a determination to resolve the parties' motions for summary judgment for the reasons set forth above.

complaints only when given notice by a CRA.

In light of the Court's ruling regarding liability under section 1681s-2, it is not necessary to consider the banks' arguments that they are entitled to summary judgment because Lang has failed to submit any evidence of willful conduct or in support of his alleged damages.

**Conclusion**

For the foregoing reasons, the Court denies Steven Lang's motions for summary judgment [docket nos. 185, 188], grants JP Morgan Chase Bank, N.A.'s motion for summary judgment [docket no. 171], and grants TCF National Bank's motion for summary judgment [docket no. 180]. TCF National Bank's motion for discovery sanctions is denied as moot [docket no. 207]. The Clerk is directed to enter judgment granting judgment in favor of defendants on all claims.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 1, 2008